United States Bankruptcy Court
Western District of Louisiana, Lafayette Division

IN RE:                                                              Case No. **15-50093**
**Duhon, Bradley M. & Duhon, Maxine Trahan**               Chapter **13**
                          Debtor(s)

## 4th AMENDED CHAPTER 13 PLAN

[ ] Original   [X] Amended   Date: **August 6, 2015**.

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

### 1. PAYMENT AND LENGTH OF PLAN

*(a) Debtor shall pay $ 4,500.00 per month to the Chapter 13 Trustee for 60 months or until all valid unsecured claims are paid in full, which ever is shorter.*

### 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)
All allowed priority claims will be paid in full unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Internal Revenue Service | Taxes | 4,709.45 |
| Vidrine & Vidrine | Attorney fee | 2,570.00 |

### 3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506
(a) Debtor moves to value collateral as indicated in the "value" column immediately below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor with "NO VALUE" specified below.

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| Citi Mortgage | Lot with Improvements at 1709 Cherokee Street, Abbeville, LA 705 | 66,201.53 | 66,201.53 | 13.50% | pro rata |

(b) Debtor surrenders or abandons the following collateral. Upon confirmation, the stay is lifted as to surrendered or abandoned collateral.

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| None | |

### 4. UNSECURED CLAIMS
(a) **Not Separately Classified**. Allowed non-priority unsecured claims shall be paid:
   [ ] Not less than $ _____ to be distributed pro rata.
   [ ] Not less than _____ percent.
   [X] Other: **100% to those valid claims**.

(b) **Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| None | | | |

### 5. CURING DEFAULT AND MAINTAINING PAYMENTS
(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Interest Rate Arrearage | Arrearage (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| None | | | | | |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay regular postpetition contract payments directly to these

creditors:

| Creditor | Collateral or Type of Debt | Estimated Interest Rate Arrearage | Monthly Arrearage (arrearage) | Regular Monthly Payment |
|---|---|---|---|---|
| None | | | | |

## 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor | Property Description | Assume/Reject |
|---|---|---|
| None | | |

## 7. OTHER PLAN PROVISIONS AND MOTIONS

(a) **Motion to Avoid Liens under 11 U.S.C. § 522(f)**. Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|
| None | | |

(b) **Lien Retention**. Except as provided above in Section 5, allowed secured claim holders retain liens until:
  [ ] Liens are released at discharge.
  [X] Liens are released upon payment of allowed secured claim as provided above in Section 3.
  [ ] Liens are released upon completion of all payments under the plan.

(c) **Vesting of Property of the Estate**. Property of the estate shall revest in Debtor:
  [X] Upon confirmation
  [ ] Upon discharge
  [ ] Other: _____.

(d) **Payment Notices**. Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

(e) **Order of Distribution**. Trustee shall pay allowed claims in the following order:
  Trustee Commissions
  Other Administrative Claims
  Priority Claims
  Secured Claims
  Unsecured Claims

Debtor will surrender tax refunds for 2014, 2015 and 2016

Debtor will pay National Auto finance outside of the plan. Note pays out in apporximate 10 months.

At completion of the plan the debtor may file a motion to cancel that Judgment in favor o Citimortgage, Inc., et al and against Bradley Maurice Duhon and Maxine Trahan Duhon, recorded 10/06/2014 under act number 2014009555-MO in the amount of $32,671.80 plus property appraisals in the sum of $277.69 plus inspections in the sum of $480.78 plus servicing fees in the sum of $637.94 plus attorney's fees and costs in the sum of $1,099.86, together with interest and costs. Civil file number #94493.

Completion of the plan will allow the Debtor to submit an exparte order to the court ordering the Clerk of Court, Vermilion Parish, Louisiana to cancel and erase from its records:

  1. That mortgage in favor of Citiortgage, Inc. successor by merger to Citifinancial Mortgage Company, Inc. successor by merget to Associates Home Equity Services, Inc. F/K/A First Family Financial Services, Inc. recorded under instrument NO: 9910949 in the records of Vermilion Parish, Louisiana.

  2. That judgment dated August 27, 2008 in favor of Abbeville Country Club and against Badley M. Duhon in the sum of $2,272.99, together with interest and costs. Recorded under Mtg. entry number: 20810268, September 11, 2008. Filed in Civil Suit #14896, Abbeville City Court.

  3. A judgment dated June 9, 2009 in favor of Desormeaux's Heating & Air Conditioning, Inc. and against Bradley Duhon in the sum of $119.50, together with interest and costs. Recorded under MTg. Entry no. 20906320, June 23, 2009. Filed in Civil Suit 15037, Abbeville City Court.

  4. A notice of seizure dated December 1, 2014 issued in civil suit titled citimortgage, inc., n.a. vs. Bradley Maurice Duhon and Maxine Trahan Duhon, bearing number 94493. Recorded under mtg. entry no. 2014011398, December 1, 2014. bearing on lots 60 and 61 of Block 5 of the Putnam Addition of the City of Abbeville.

  5. A judgement dated February 12, 2010 in favor of Bank of Geydan and against Bradley Duhon in thhe sum of $13,015.99, together wth interest and costs. Recorded under Mtg. Entry no. 21001428, February 14, 2010. Filed in Civil Suit #91444, 15th JDC.

The Debtor must maintain insurance insuring the property located 1709 cherokee St., Abbeville, Vermilion Parish, Louisiana. Citi Mortgage shall be listed as a lose payee on the policy. The Debtor is responsible for all realestate taxes. Citi Mortgage will be entitled to reimbursement for any costs incurred as a result of the debtors failure to provide insurance or pay property taxes.

Dated: **August 6, 2015**

**/s/ William C. Vidrine**
Signature of Attorney

**/s/ Bradley M. Duhon**
Signature of Debtor
**/s/ Maxine Trahan Duhon**
Signature of Spouse (if applicable)